IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

Michael T. Verberg,                        )
                                           )    Cr. No. 5:07-45
                        Movant,            )
                                           )
        vs.                                )
                                           )    **OPINION AND ORDER**
United States of America,                  )
                                           )
                        Respondent.        )
_____)


    Movant Michael T. Verberg operated a print brokering company that located customers who

required printing services, such as print photography, design, and pre-press work.  Movant, through

his company, contracted with fifty-one companies in the United States and Canada to perform print

jobs.  Movant would submit the customers' print jobs to printers for bids.  Movant would contract

with a printer, and then quote a price to the customer at an amount substantially below the printer's

bid in order to obtain the customer's business.  Movant would receive payment directly from the

customer, and either would not pay the printing company for its work, or would pay only a portion

of the amount due.

    Movant was indicted on January 16, 2007 for mail fraud in violation of 18 U.S.C. §§ 1341

and § 2.  Movant initially was represented by a Federal Public Defender.  On November 1, 2007,

James H. Babb, Esquire of the South Carolina Bar was appointed to represent Movant.  Movant

pleaded guilty to mail fraud on February 26, 2008.  On October 8, 2008, Movant retained Byron E.

Gipson, Esquire of the South Carolina Bar.  On April 3, 2009, Movant filed a motion to withdraw

his plea of guilty.  The motion was denied on April 13, 2009.  Movant thereafter was sentenced to

incarceration for a term of 108 months, restitution in the amount of $6,273,096.14, and supervised release for a period of three years.  Judgment was entered on April 15, 2009.

This matter now came before the court on motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence, which motion was filed April 23, 2010.  Movant raised the following four grounds for relief:

> Ground one: Conviction obtained by a Plea of GUILTY, which was unlawfully induced or not made voluntarily or with understanding of the nature of the charge or the consequences of the Plea.

> Ground two: Conviction obtained by use of a Coerced Confession.

> Ground three: Conviction obtained by a violation of the Privilege against Self-Incrimination.

> Ground four: Denial of Effective Assistance of Counsel.

Motion 4-5 (ECF No. 122).

The court determined that Movant was not denied ineffective assistance of counsel as to the grounds raised.  The court determined that it was entitled to rely on the statements made by Movant under oath in the guilty plea proceeding and that Movant stated no facts that would support a finding that trial counsel allowed Movant to be unconstitutionally coerced as measured by the totality of the circumstances.  The court further found that Movant admitted the truth of the allegations at the guilty plea proceedings and that Movant had informed the United States Probation Officer who prepared his Presentence Investigation Report (PSR) that he admitted to his conduct and wished he had never engaged in the activity.  Therefore, the court issued an order on May 24, 2011 in which it denied Movant's § 2255 motion and granted Respondent's motion for summary judgment.

This matter is now before the court on a number of motions filed by Movant with respect to

the court's May 24, 2011 order.

1.    <u>Motion to Expedite 2255</u> - ECF No. 148.  The motion was dated May 30, 2011 and filed June 3, 2011.  The motion seeks a resolution of Movant's § 2255 motion.  It appears that the motion to expedite crossed in the mail with the court's May 24, 2011 order.  Movant's motion to expedite is **denied as moot**.

2.    <u>Motion for Reconsideration</u> - ECF No. 149.  Movant filed a motion for reconsideration pursuant to Fed. R. Civ. P. 59(e) on June 9, 2011 and June 16, 2011.  Movant reasserts his contention that the indictment was defective because it charged him with aiding and abetting mail fraud in violation of 18 U.S.C. § 2.  Movant contends that he cannot be convicted of a crime that he was not properly charged with and for which the government has not met its burden of proof.  The court disagrees.

Although Rule 59 addresses grounds for new trials, some courts have reasoned that the concept of a new trial under Rule 59 is broad enough to include a rehearing of any matter decided by the court without a jury.  11 Wright & Miller, <u>Federal Practice & Procedure</u> § 2804.  Notwithstanding the broad nature of Rule 59, motions for reconsideration are disfavored.  They are not a matter of routine practice.  <u>Settino v. City of Chicago</u>, 642 F. Supp. 755, 759 (N.D. Ill. 1986).  Several courts have observed that they are neither expressly cognizable under the Federal Rules of Civil Procedure nor authorized by the local rules of the district court.  <u>See</u>, <u>e.g.</u>, <u>Fisher v. Samuels</u>, 691 F. Supp. 63, 74 (N.D. Ill. 1988).

Motions for reconsideration are inappropriate merely to introduce new legal theories or new evidence that could have been adduced during the pendency of the prior motion.  <u>Keene Corp. v. International Fidelity Ins. Co.</u>, 561 F. Supp. 656 (N.D. Ill.), <u>aff'd</u>, 736 F.2d 388 (7th Cir. 1982).  The

Fourth Circuit recognizes only three limited grounds for a district court's grant of a motion under Rule 59(e): (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available earlier; or (3) to correct a clear error of law or prevent manifest injustice. Hutchinson v. Staton, 994 F.2d 1076 (4th Cir. 1993). The Fourth Circuit has emphasized that counsel's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion. Id. (citing Atkins v. Marathon LeTourneau Co., 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

As the court stated in its May 24, 2011 order, aiding and abetting is not an independent crime. United States v. Rashwan, 328 F.3d 160, 165 (4th Cir. 2003). Section 2 "merely obviates the need for awkward phrasing and strained readings of statutes by making clear that in all crimes an accessory will be punished as a principal." Id. "The precise language used in the indictment, by the prosecution, or in the jury instructions is unimportant. So long as all of the elements necessary to find [the defendant] guilty of the crime, whether as a principal or as aider or abetter, were put before the [factfinder], conviction will be proper." In this case, the elements of the crime of mail fraud were recited at the change of plea proceeding. Movant admitted to the facts and the court accepted the facts as sufficient to support a conviction for the offense. Movant's Rule 59(e) motion is **denied**.

3.    Motion to Correct Illegal Sentence - ECF No. 151. Movant moves pursuant to Fed. R. Crim. P. 35 to correct his sentence, based on Movant's assertion that the indictment was improperly amended because Movant pleaded guilty to mail fraud, "even thought [*sic*] count one in the indictment in 'actuality' was 1341 and 2."

As an initial matter, the court has concluded that Movant did not receive an illegal sentence. Second, Movant's Rule 35 motion is untimely. Rule 35 provides that a court can correct an error

within fourteen days after sentencing that resulted from arithmetical, technical, or other error.[1] Movant's Rule 35 motion is **denied**.

4.    Motion to Withdraw Plea of Guilty / Vacate - ECF No. 156.  Movant, through counsel, moved to withdraw his guilty plea on April 3, 2009, contending that he did not understanding the proceedings and that he did not enter his guilty plea knowingly and voluntarily. ECF No. 106.  In opposition, the government noted that Movant was thoroughly questioned by the court pursuant to Fed. R. Crim. P. 11(b), acknowledged that he understood what he was pleading to, and admitted his guilt.  See generally ECF No. 105.  Movant's motion was overruled, and the court withdrew one point of a three point reduction for acceptance of responsibility.

The matter is now before the court on Movant's second motion to withdraw his guilty plea, which motion was filed on July 18, 2011.  Movant contends that he should be allowed to withdraw his plea because trial counsel allowed Movant to be illegally sentenced to mail fraud and aiding and abetting mail fraud.

A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists upon which to grant a withdrawal.  United States v. Bowman, 348 F.3d 408, 413-14 (4th Cir. 2003).  The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted.  Id. at 414.  A properly conducted colloquy leaves a defendant with a limited basis to withdraw his plea.  Id.  In addition, the court may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and just reason, including (1) whether

---

[1] Rule 35 also provides that a sentence can be reduced for substantial assistance upon the government's motion.  The government has not filed a Rule 35 motion on Movant's behalf.

the defendant has offered credible evidence that his plea was not knowing or not voluntary; (2) whether the defendant has credibly asserted his legal innocence; (3) whether there has been a delay between the entering of the plea and the filing of the motion; (4) whether defendant has had close assistance of competent counsel; (5) whether withdrawal will cause prejudice to the government; and (6) whether it will inconvenience the court and waste judicial resources. Id.

In this case, the court conducted a comprehensive Rule 11 colloquy with Movant, at which time he affirmed, under oath, his understanding the charges and penalties. Movant further agreed with the facts presented by the government. As with his first motion to withdraw his plea, Movant has failed to offer credible evidence that his plea was not knowing or voluntary. Significantly, Movant has not established legal innocence; in fact, he does not argue that he is innocent of the crime to which he pleaded guilty. Movant had the assistance of competent counsel at trial. Moreover, the court concludes that allowing Movant to withdraw his guilty plea at this time, approximately two and one-half years after sentencing and on the basis of an insupportable contention that his sentence is illegal, would both prejudice the government and waste judicial time and resources. Movant's motion to withdraw his plea is **denied**.

5.   Motion for Bond - ECF No. 160. On August 26, 2011, Movant filed a motion for bond pending appeal. 18 U.S.C. § 3143(b) provides that a defendant who has been found guilty of an offence and sentenced to a term of imprisonment must be detained, unless the court finds:

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) . . . ; and

(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in –

> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total
> of the time already served plus the expected duration of the appeal
> process.

Movant contends that he has no criminal history, that he has reported to a minimum security prison camp, that he made all court appearances when properly notified, and that he can stay with his sister in Michigan. Movant further contends that his appeal raises a substantial question of law or fact likely to result in reversal, i.e., that the indictment was defective for the reasons noted in his § 2255 motion and hereinabove. The court disagrees that Movant has raised a substantial question or law or fact on appeal. Accordingly, Movant's motion for bond pending appeal is **denied**.

**IT IS SO ORDERED**.


/s/ Margaret B. Seymour
United States District Judge

Columbia, South Carolina

November 2, 2011.